Bichard J. Sherman, J.
This motion is based upon an order to show cause as to why an order should not be granted (a) directing the District Attorney to advise defendant whether or not he has any statement made by the defendant at the State Police Barracks in the Town of Malta, on the evening of April 17, 1960 and the early morning of April 18, 1960, and (b) if such statement exists, a discovery and inspection of the same be granted to the defendant and attorneys be granted the right to inspect, read and make copies of the same.
The appearances are: John P. Brown, attorney of record for the defendant, with Alfred L. Simon as counsel, and Hon. James A. O’Connor, District Attorney of Saratoga County for the People and in opposition to the motion. The Grand Jury of the County of Saratoga had indicted the defendant under Indictment No. 1247 with the crime of manslaughter in the first degree in violation of section 1050 of the Penal Law of the State of New York. This indictment was handed down at the May 1960 Term of the Supreme Court at which time a Grand Jury was in session.
The case first appeared on the June 1960 Calendar of the Trial Term of the Saratoga County Court, it having been transferred to that court by order of the Supreme Court Judge then presiding.
*146 By agreement the trial of the case was moved over to the October 1960 Term of the Saratoga County Court and at the time the court advised the defendant and his counsel as well as the District Attorney that all motions with respect to the trial of the ease should be made before October 1, 1960.
The case was not reached at the October Term and on motion of the defendant’s counsel, the trial was adjourned to the regular Trial Term of the Saratoga County Court to be held in February, 1961.
The court at that time again advised the defendant and the attorneys that any motions with respect to the trial of the case should be made before January 1, 1961, so that the case could be properly disposed of at the February Term.
Now, the court is confronted by this motion after setting a date for the trial and disposition of the case.
Reluctantly, the court is entertaining the motion.
The motion (a) has already been granted in that the District Attorney, who in open court in the presence of the defendant and his counsel, stated that he had in his possession a statement made by the defendant given at the time indicated.
As to that part of the motion (b) this court is following the language of the decision contained in People v. Higgins (21 Misc 2d 94). There Judge Babshay held: “There may be cases, however, where there are such unusual circumstances which might justify the granting of an inspection of a defendant’s statement, but in the absence thereof applications of that kind ought not to be granted ” (p. 96).
In the instant case, the defendant by his own affidavit in support of the motion states he was taken to the State Police Barracks in the Town of Malta by State troopers where he was interrogated by the District Attorney at various times and at other times he was taken into another room and questioned by State troopers. He remembers there was a stenographer present apparently taking down the questions that were asked and the answers he made.
Then the defendant states further that he has no recollection of what transpired. The circumstances were not unusual. In a great many cases statements are taken from various defendants at the time of their apprehension.
This court, in conformity with Judge Babshay’s decision, will, on the trial, when the proper time comes for the defendant to inspect his alleged statement, make sure that the defendant’s rights are properly protected. The conclusion is discretionary with the court. The motion is denied.